JIM HANNAH, Chief Justice, dissenting. I respectfully dissent. The circuit court judge correctly denied the motion to compel arbitration, “based upon the allegations concerning the unauthorized practice of law,” finding that these allegations restricted the issue to the judicial branch of government. This finding is supported by the Arkansas Constitution and several hundred years of the common law. Regulation of the lower courts and jurisdiction over the practice of law lie with the court of last resort, in this case the Arkansas Supreme Court. The majority relies on AT&T Mobility LLC v. Concepcion, — U.S. -, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011) for the proposition that this court may not rely upon its exclusive jurisdiction over the practice of law, quoting Concepcion as follows: “When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting | ,2rule is displaced by the FAA.” Id. at-, 131 S.Ct. at 1747. The majority errs. Arkansas law does not prohibit outright the arbitration of a particular type of claim. It is not the claim that is precluded from arbitration. The analysis does not reach that far. Had LegalZoom’s conduct come to the attention of this court, this court would have been bound to act on its own regardless of whether there was a contract or whether any person had filed a complaint. Whether the contract mentioned in the underlying case contains only one, or even a dozen arbitration clauses, is irrelevant to the issue presented because the contract is wholly irrelevant to the question of whether LegalZoom has engaged in the unauthorized practice of law. Nothing in the circuit court’s decision violated the FAA, and nothing in the FAA preempts the courts from carrying out their duties to regulate the practice of law. CORBIN, J., joins.